**Ron SEAWORTH, Appellant,**

*v.*

**Bob PEARSON;  Pearson Autobody, Appellees.**

**No. 01–3457.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 2002.

Decided March 5, 2002.

Before LOKEN, BEAM, and RILEY, Circuit Judges.

PER CURIAM.

In 1999, Ron Seaworth brought an employment action against Bob Pearson and Pearson Autobody alleging that they illegally discriminated against him on the basis of his religious beliefs. The underlying facts are described in *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir.), *cert. denied*, 531 U.S. 895, 121 S.Ct. 226, 148 L.Ed.2d 160 (2000), in which we affirmed the dismissal of that action as meritless. Some months after we issued our decision, Seaworth filed a motion for relief from judgment on the basis of fraud, and other circumstances justifying relief, under Federal Rule of Civil Procedure 60(b)(3) and (6). He also moved for sanctions under Federal Rule of Civil Procedure 56(g). The district court[1] denied his motions, and having carefully reviewed the record, we affirm.

---

1. The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Assuming, without deciding, that Seaworth's request for relief under Rule 60(b)(3) is timely, Seaworth offered nothing to show that Pearson or his attorney did anything to prevent Seaworth from fully and fairly presenting his case, *see* Fed.R.Civ.P. 60(b)(3); *Greiner v. City of Champlin,* 152 F.3d 787, 789 (8th Cir. 1998), nor did he show exceptional circumstances otherwise justifying relief from the final judgment, *see* Fed.R.Civ.P. 60(b)(6); *Brooks v. Ferguson–Florissant Sch. Dist.,* 113 F.3d 903, 904–905 (8th Cir.1997). Also, nothing in Seaworth's filings indicated any conduct justifying Seaworth's request for sanctions. *See* Fed R. Civ. P. 56(g); *Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins. Co.,* 866 F.2d 11, 16 (1st Cir.1989).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

A true copy.